**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

THOMAS CLEVELAND WILLIAMS,

      Plaintiff,

v.                                        CASE NO. 5:10cv83/RS-AK

LT. IN CHARGE, et al,

      Defendants.

_____/

# O R D E R

      Plaintiff, an inmate at Pasco County Jail, initiated this case by filing a pro se Civil Rights

Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed as a pauper

(Doc. 4).  The Complaint concerns Plaintiff's claim for damages for 162 days he claims he was

held illegally by the State of Florida.  He names as defendants the State of Florida, the State

Attorney in Chipley, Florida, and the Lt. in Charge, at the Washington County Jail. Plaintiff has

also moved for an Order directing the Bay County court reporter to provide "documentation"

about his criminal case from February 26, 2009, to August 10, 2009 (Doc. 5).

      Plaintiffs' motion to proceed as a pauper (Doc. 2), is **granted** to the extent that the case

may proceed without the prepayment of the entire filing fee.  Because Plaintiff has insufficient

funds, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28

U.S.C. § 1915(b)(1)(A).  However, Plaintiff is hereby assessed the total $350.00 filing fee in this

case.

      As funds become available in Plaintiff's prison account, he shall be required to make

monthly payments of twenty percent of the preceding month's income (that is, all funds

deposited into the account) credited to the account. Upon receipt of this Order, the agency

having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to

the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall

continue until the filing fee of $350.00 is paid in full. The following information shall either be

included on the face of the check from the penal institution, cashier's check, or money order or

attached thereto:

    (1) the full name of the prisoner;

    (2) the prisoner's inmate number (#071527); and

    (3) Northern District of Florida Case Number (5:10cv83-RS/AK).

Checks or money orders which do not have this information will be subject to return. The **<u>clerk</u>**

shall mail a copy of this Order by mail to: **Administrator of the Inmate Trust Fund Account**

**at the Pasco County Jail, New Port Richey, Florida 34652.**

    Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the

agency with custody over him lapses in its duty to make payments on his behalf. For this reason,

if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new

institution is informed about this lawsuit and the required monthly payments as set out herein.

Plaintiff is advised to retain a copy of this Order for this purpose.

<u>**AMENDMENT OF COMPLAINT**</u>

    Plaintiff sues the "Lt. in Charge" at the Washington County Jail and the State of Florida

for damages for 162 days he was incarcerated "illegally" because he was not credited properly

for time served.

    In any 42 U.S.C. §1983 cause of action, the initial inquiry must focus on whether the two

essential elements to a section 1983 action are present. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage . . . subjects, or causes to be subjected, any citizen of
> the United States . . . to the deprivation of any rights . . . secured by the
> Constitution and laws, shall be liable to the party injured in any action at
> law . . . [or] suit in equity.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). For liability under 42 U.S.C. §1983, Plaintiff must show an affirmative causal connection between the Defendants' conduct and the constitutional deprivation. Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Unnamed defendants are not appropriate in this action. The Court must have the name of a person to serve the complaint upon. The Lieutenant in Charge at the jail is not sufficiently identified to be served. Likewise, the State Attorney must be named. Further, such a person would not be responsible for calculating Plaintiff's sentence or the amount of gain time credited to him upon the violation of probation. Plaintiff's sentence would be according to court order, unless he is claiming that the Lieutenant in Charge kept him in jail contrary to a court order. From the facts set forth in the complaint, it is not clear who might have made the calculation regarding gain time since Plaintiff states that the "court only awarded me 6 days." If Judge Register or any other judge miscalculated or otherwise decided not to give him time served, such a person is absolutely immune from suit. See Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978) (a judge acting in his judicial capacity is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction.") .

Similarly, the State of Florida is also not a person. Thus, Plaintiff should file an amended complaint on forms which will be sent to him and he should name the person whom he alleges made the error in not releasing him.

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his Complaint to name the proper defendants and to seek only compensatory damages and/or injunctive relief in connection with his First Amendment claim. To amend his complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. In amending, Plaintiff should carefully review the following to determine whether he can present allegations sufficient to state a cause of action:

> 1) Plaintiff must state what rights have been violated under the Constitution, laws or treaties of the United States. It is improper for the Plaintiff to merely list constitutional or federal rights. Further, Plaintiff must provide support in the statement of facts for the claimed violations.
>
> 2) Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. Plaintiff must also show how he was harmed or injured by the actions and/or omissions of the defendant(s).
>
> 3) Plaintiff should name only defendants who participated in the alleged deprivation of constitutional rights or those persons who directed the action and/or omission that resulted in such deprivation.

Finally, Plaintiff seeks an Order from this Court directing a court reporter in state court to provide him with a transcript of certain proceedings (Doc. 5). That is not a function of this Court. Plaintiff may request this on his own and arrange for payment. That motion (Doc. 5 ) is **denied.**

**IT IS ORDERED:**

1.   Plaintiffs' motion to proceed as a pauper (Doc. 2), is **granted,** and the **Clerk** shall mail a copy of this Order by mail to: **Administrator of the Inmate Trust Fund Account at the Pasco County Jail, New Port Richey, Florida 34652.**

2.   The **Clerk** is directed to send the Plaintiff a blank Civil Rights Complaint form. After carefully considering whether he can state a cause of action in accordance with this Order, Plaintiff shall submit his Amended Complaint on or before July 19, 2010.

3.   The failure to do so in the allotted time may result in the dismissal of this action.

4.   Plaintiff's Motion to Receive Documentation (Doc. 5) is **denied**.

**ORDERED** on June 30, 2010.


/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**