PROVIDED TO AVON PARK CORRECTIONAL INSTITUTION ON 7-21-11 FOR MAILING.

In The United States District Court For The
Northern District of Florida
Panama City Division

Thomas Cleveland Williams,
   Plaintiff,

V.

Lt. Karla Jo Brock,
   Defendant.

Case No 5:10-cv-00083-RS-GRJ

## Plaintiff's Response To:

### Defendant Brock's

### Motion For Summary Judgment
### (Case Dispositive Motion)

Comes Now, Thomas C Williams, pro-se, pursuant to 56, Fed. R. Civ. P., and 56.1 of the Local Rules of this Court, moves this Court to deny Defendant Brock's Motion For Summary Judgment in her favor as a Matter of Law.

### In Support of this Response:

### Defendant Brock's
### Standard For Summary Judgment

Plaintiff disputes Defendant Brock is entitled to Summary Judgment in her favor as a Matter of Law.

### Defendant Brock's

(1)

### Statement of Material Facts

For the sake of argument, Undisputed in part, and disputed in part, the part Plaintiff disputes is; Defendant Brock is not legally responsible for computing Plaintiff's credit for time served, Because "Defendant Brock did compute Plaintiff's time spent from the time Plaintiff was arrested as a violator until re-sentencing". Even if it was erroneously, the Defendant clearly violated well established State Statute § 921.0021, and as a Matter of Law should be held legally responsible.

### Defendant Brock's Memorandum of Law

Pursuant to Rule 7.1 (A) of the Local Rules of this Court, Plaintiff disputes Defendant Brock is entitled to Summary Judgment in her favor as a Matter of Law. Plaintiff does not dispute all the Florida Statutes, and case law quoted up to Florida Statute § 921.0017, - because that Florida Statute does not apply to Plaintiff since the offence took place Oct. 17, 1992.

### Statement of Facts and Plaintiff's Conclusion of Response is:

As a Matter of Law there is only one conclusion this court can order on Defendant Brock's Motion For Summary Judgment, "that is Denied," and grant Plaintiff's Motion For Summary Judgment on the grounds of;

There are two facts left for this Court to decide as a Matter of Law.

Fact 1.) When Defendant Brock, as the <u>Administrator</u> of the

<u>Washington County Jail</u>, erroneously calculated Plaintiff's time served between the date of arrest as a violator, and the date of re-sentencing. Did Defendant Brock violate a <u>well established State Law</u>, and in doing so, violated <u>Plaintiff's Constitutional Right to Freedom</u>. Defendant Brock had two legal choices when she received a blank Uniform Commitment to Custody as a Matter of Law; (1) send it back to the Court for the Court to properly award Plaintiff his due, - (2) send it to (D.O.C.) for (D.O.C.) to contact the Court for the Court to award Plaintiff his due! The Florida Statutes is clear, and in plain language, and so is the Constitution of the United States.

Fact 2.) (D.O.C.) <u>did</u> award Plaintiff '3,373 days pursuant to <u>944.275 Florida Statutes</u>," per Oct. 1, 1989 as the Court ordered," upon entry on March 2, 2009, toward the 12 years; See: Exhibit "I" in plaintiff's Motion For Summary Judgment for the days (D.O.C.) awarded, (D.O.C.) also awarded 5 days pursuant to 944.275 Florida Statutes, since that was all the time Plaintiff was in (D.O.C.) custody, "from February 26, 2009 until March 2, 2009," on the new commitment of 3 years.

Plaintiff was confined 2,418 days between the time of his arrest as a violator on July 14, 2002 and re-sentencing on February 26, 2009. No Matter where the Plaintiff may have been confined, the days still don't change. So as a Matter of Law the Plaintiff was entitled to this time, the Florida Statutes is clear, and in plain language, and Defendant Brock knew or should have known as being the Administrator for over 19 months, that she took responsibility upon herself to award Plaintiff the correct amount of days. No Matter what she may have thought, and by not awarding Plaintiff his proper due, Defendant Brock deprived Plaintiff's Right of Freedom for 162 days, that the Plaintiff should be compensated for as a Matter of Law!

(3)

Respectfully Submitted
Thomas C Williams

Thomas C Williams
Avon Park Correctional Institution
P.O. Box 1100
Avon Park, Florida, 33826-1100

Certificate of Service

I hereby certify that I have placed a true and correct copy of the foregoing in the hands of a institutional Official to be mailed by U.S. Mail to the following addresses; Jolly & Peterson, P.A. P.O. Box 37400 Tallahassee, Fl. 32315, - 401 S.E. 1st Ave., suite 243, Gainesville Fl. 32601.
— this 21 day of July 2011

Thomas C Williams
Thomas C Williams

1 3,378 days (D.O.C.) awarded, plus 2,418 days of time served between arrest and sentencing = 5,796 = 15 years 10 months, 8 days, ≠ 12 years + 3 years = 15 years

(4)

Thomas C. Williams 071527 0-21156
Avon Park Correctional Institution
P.O. 1100
Avon Park, Florida
33826-1100

Mailed From A State
Correctional
Institution

[Postage: $00.44 JUL 22 2011, MAILED FROM ZIP CODE 33825]

United States District Court
Northern District of Florida
Office of the Clerk
401 S.E. 1st Ave, Suite 243
Gainesville, Florida
32601-6805

LEGAL MAIL